FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

14 JAN 17 AM 11: 05

| | |
|---|---|
| Katie Frink, | |
| Plaintiff, | Civil Action No.: 2 14 C V 016 |
| v. | |
| Focus Receivables Management, LLC; and DOES 1-10, inclusive, | **COMPLAINT** **DEMAND FOR JURY TRIAL** |
| Defendants. | |

For this Complaint, the Plaintiff, Katie Frink, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Katie Frink ("Plaintiff"), is an adult individual residing in Griffith, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Focus Receivables Management, LLC ("Focus"), is a Georgia business entity with an address of 1130 Northchase Parkway, Suite 150, Marietta, Georgia 30067,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Focus and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Focus at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Focus for collection, or Focus was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Focus Engages in Harassment and Abusive Tactics

12. Within the last year, Focus contacted Plaintiff in an attempt to collect the Debt from "Brian Diranger" (the "Debtor"), whom Plaintiff does not know.

13. Beginning in March 2013, Focus called Plaintiff's residential telephone two to three times per day, multiple days per week for successive weeks.

14. Soon after the calls started, Plaintiff advised Focus that she was not the Debtor, did not know the Debtor or his whereabouts and that she was in no way associated with the Debt or responsible for its repayment.

15. Plaintiff further directed Focus to remove her telephone number from the account and cease all communications with her.

16. Despite having been so informed and directed to cease the calls, Focus thereafter continued calling Plaintiff's residential number at an excessive rate as aforementioned.

17. Oftentimes, when Plaintiff answered Focus' calls in an attempt to get the calls to stop, there was a recording and not a live person on the other end, causing frustration to Plaintiff.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information of a third party.

20. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants; and

3. Such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED ON ALL COUNTS

Dated: January 2, 2014

Respectfully submitted,

By _____
Amy L Cueller, Esq., #15052-49
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff

4